IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN W. BUCKMEIER AND BEVERLY J. BUCKMEIER, Husband and Wife,<br><br>              Plaintiffs,<br><br>   v.<br><br>MARIO A. NEVAREZ and SWIFT TRANSPORTATION CO., INC., an Arizona Corporation, and SWIFT TRANSPORTATION CORPORATION, an Arizona Corporation,<br><br>              Defendants. | Case No. CV-07-154-N-BLW<br><br>MEMORANDUM DECISION and ORDER |

The Court  hereby DENIES the Plaintiff's Motion to Remand filed pursuant to 28 U.S.C. § 1447(c) (Docket No. 10).  The Court previously ordered that, when the Motion was fully briefed, the Motion would be decided on the briefs and record, without oral argument.  *See* Docket No. 13.  Accordingly, the Court enters the following Memorandum Decision and Order.

## Background

This case arises out of an automobile accident on U.S. Highway 12 in Idaho County, Idaho.  On June 28, 2006, around 12:55 p.m., Plaintiff John Buckmeier

1

was driving a delivery truck in the westbound lane.  At that same time, Defendant Mario Nevarez was driving a Swift Transportation truck in the eastbound lane. Buckmeier alleges that Nevarez negligently swerved into the westbound lane, causing Buckmeier to swerve into a ditch, where debris forced him out of the ditch, across the road, and into the Lochsa River.

Buckmeier and his wife, Beverly, filed an Amended Complaint in state court in Nez Perce County, Idaho on November 28, 2006 naming Nevarez, Swift Transportation Co., Inc., and Swift Transportation Corporation (collectively "Defendants") as defendants.  Docket No. 2, Ex. A, at 36.  The Swift entities were served with the Amended Complaint on December 4, 2006.  *Id*. at 31, 33.  Nevarez was served on December 5, 2006.  *Id*. at 29.

The Amended Complaint alleges that the Buckmeiers incurred damages including, but not limited to, medical expenses, lost wages, pain and suffering, emotional distress, and loss of consortium.  *Id*. at 37.  The Amended Complaint also alleges that "[t]he Plaintiffs' damages exceed $10,000," but makes no other reference to the amount of damages.  *Id*. at 38.

On February 28, 2007, the Buckmeiers responded to the Defendants' discovery requests regarding damages.  The Buckmeiers' Answers indicated that they alleged damages in excess of $250,000.  Docket No. 2, Ex. C.  On March 30,

2

2007, the Defendants removed the case to federal court based on diversity of citizenship under 28 U.S.C. § 1332.  The Buckmeiers subsequently filed this Motion to Remand the case back to state court.  They argue that the Defendants' Notice of Removal was not timely filed and that the Defendants failed to promptly give notice of the Motion to both the Buckmeiers and the state court.

## Analysis

### A.      The Defendants' Notice of Removal was timely

In order to remove this case to federal court based on diversity of citizenship, the Defendants were required to show that the amount in controversy exceeds $75,000 and that the lawsuit is between citizens of different states.  *See* 28 U.S.C. § 1332(a).  The parties do not dispute that these requirements are met in this case.

The United States Code also generally provides that a notice of removal of a civil action "shall be filed within thirty days after receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an . . . order or other paper from which it may be first ascertained . . ." that the case is removable.  *Id*.  Here then,

3

the Court must determine whether the Defendants knew the amount in controversy exceeded $75,000 at the time they received the Amended Complaint or whether they first learned of the amount of damages after receiving the Buckmeiers' discovery responses.

In making this determination, it is clear that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If no ground for removability is found on the face of the initial pleading, the case is not removable at that stage and the first thirty day period does not apply. *Id*. Rather, a second thirty day period applies. Under the second thirty day period, the "notice of removal may be filed within thirty days after the defendant receives an amended pleading, motion, order or other paper from which it can be ascertained from the face of the document that removal is proper." *Id*. (quoting 28 U.S.C. § 1446(b)) (internal quotation marks omitted).

The face of the Buckmeiers' Amended Complaint provides only that damages exceed $10,000. *See* Docket No. 2, Ex. A, at 38. Nothing on the face of the Amended Complaint indicates that damages exceed $75,000. Thus, at the time that the Defendants received the Amended Complaint, the case was not removable.

4

Even if the Defendants actually knew or suspected that damages, the case would not have been removable at that point.  *See Harris*, 425 F.3d at 694 (holding that the defendant's subjective knowledge is inapposite).  Instead, the case became removable on February 28, 2007 when the Defendants first learned from the discovery responses that the Buckmeiers alleged damages in excess of $75,000.  *See* 28 U.S.C. § 1446(b).  The Defendants timely filed their Notice of Removal on March 30, 2007, within the thirty day period after learning that damages exceeded $75,000.

The Buckmeiers' argue that this case was removable from the outset because the Amended Complaint did not explicitly state that damages were *less than* $75,000.  The Buckmeiers point to an unrelated case in which their counsel included in the complaint that damages exceeded $10,000 but were less than $75,000.  They argue that because he did not do so here, the Defendants should have known from the Amended Complaint that damages exceeded $75,000.  However, neither the Buckmeiers nor the Defendants were parties in the unrelated case and the Defendants did not have any reason to know how the Buckmeiers' counsel drafted the complaint in that case.  Regardless, the Buckmeiers' argument is contrary to the law.  *Harris* specifically rejected placing a burden on the defendant to make inquiries into removability when the initial pleading is not clear.

5

*See id.* (noting "[i]f we were to flip the burden and interpret the first paragraph of

28 U.S.C. § 1446(b) (the first thirty-day window) to apply to all initial pleadings

unless they clearly reveal that the case is not removable, defendants would be faced

with an unreasonable and unrealistic burden to determine removability within

thirty days of receiving the initial pleading.).

## B.    The technical error in the electronic filing system does not warrant remand

The Buckmeiers next argue that this case should be remanded to state court

because they were not served with the Notice of Removal.  Federal Rule of Civil

Procedure 5(b)(2)(D) provides that service of pleadings and other papers may be

made electronically if consented to in writing by the person served and through the

court's transmission facilities if authorized by local rule.  In Idaho, parties are

required to file documents electronically unless otherwise prohibited.  *See* D. Idaho

L. Civ. R. 5.1(c); D. Idaho General Order 187.  Participation in the electronic filing

system and receipt of a login and password from the Clerk of the Court constitutes

consent to the electronic service of pleadings and other papers under the applicable

rules of Federal Civil Procedure.  D. Idaho L. Civ. R. 5.1(k).  The District of Idaho

Local Rules further provide that in the event of a technical failure, a person whose

filing is made untimely or is prejudiced may seek appropriate relief from the Court.

D. Idaho L. Civ. R. 5.1(l).  In such cases, the court shall determine whether relief is warranted on a case by case basis.  *Id.*

Here, both parties participated in the electronic filing system.  Thus, both parties consented to service via the court's electronic filing system.  Accordingly, the Defendants' counsel electronically filed their Notice of Removal on March 30, 2007.  However, the Defendants' counsel was unable to insert the Buckmeiers' counsel's e-mail address at the time of filing.  On the next business day, April 2, 2007, the Defendants' counsel contacted personnel at the district court and, with their assistance, corrected the filing to include a civil cover sheet and the Buckmeiers' counsel's e-mail address.  *See* Docket No. 12.  However, even after court personnel corrected the filing, the system did not serve the Buckmeiers' counsel.  *See* Docket No. 10, Ex. 1.

Despite the fact that the Buckmeiers were never served with the Notice of Removal, they were not prejudiced in any way.  The technical error delayed the Buckmeiers from learning of the removal for, at most, a few hours.   The Buckmeiers' counsel admits he learned that the case had been removed on April 2, 2007, the same day on which he would have been served with the Notice had the system functioned properly.  The error did not hinder the Buckmeiers in any way from bringing or arguing their Motion to Remand and does not affect the

7

jurisdiction of this court.

**C.     The Defendants promptly filed a notice of removal in state court**

The Buckmeiers argue that remand is also appropriate because the Defendants did not timely file the notice of removal in state court.  After filing the notice of removal in federal court, defendants are required to file a copy of the notice in state court which gives the notice effect and divests the state court of jurisdiction.  28 U.S.C. § 1446(d).  The language of 28 U.S.C. § 1446(d) does not set forth a definite time limit for filing in state court.  Rather, it requires the defendant to do so "promptly."  *Id.*  This requirement is simply a "formal and modal" procedural requirement and is not jurisdictional.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (holding that procedural requirements for removal, such as the timely filing of a notice of removal, are not jurisdictional).

In this case, the Defendants filed the Notice of Removal in federal court on March 30, 2007.  On April 26, 2007, Defendants' counsel filed a copy of the Notice of Removal in state court after realizing he had not done so.  *See* Docket No. 12.  Between March 30 and April 26, the state court made no substantive decisions which would affect the jurisdiction of this decision.  During that period, only a Notice of Appearance was filed in state court by the Defendant.  Thus, the

8

Defendants met the requirement to promptly file the Notice of Removal in state court.

## Conclusion

Ninth Circuit law clearly states that removability is determined from the four corners of the initial pleading.  *See Harris*, 425 F.3d at 694.  Because the Buckmeiers' Amended Complaint indicated only that damages exceeded $10,000, the case was not removable at the time that the Defendants received the Amended Complaint.  The Defendants first learned that the case was removable after receiving the Buckmeiers' discovery responses and timely filed a Notice of Removal within thirty days of receiving those responses.  *See* 28 U.S.C. § 1446(b).  Further, neither the technical error in the electronic filing system nor the Defendants' delay in filing the Notice of Removal in state court prejudiced the Buckmeiers or affected the jurisdiction of this court.  Accordingly, the Buckmeiers' Motion to Remand is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED Plaintiffs' Motion to Remand (Docket No. 10) is DENIED.

DATED:  **August 13, 2007**

_____
Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge